UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM LANIER,<br><br>   Plaintiff,<br><br> v.<br><br>J. DOERER,<br><br>   Defendant. | No. 1:24-cv-01178 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS<br><br>(See ECF Nos. 2, 6)<br><br>PLAINTIFF'S SHOWING OF CAUSE, OR IN THE ALTERNATIVE, HIS RESPONSE TO COURT ORDER DUE IN THIRTY DAYS |

  Plaintiff, a federal inmate proceeding pro se, has requested leave to proceed in forma pauperis, and he appears to have filed this civil rights action to seek relief under 42 U.S.C. § 1983. See ECF Nos. 1, 5 (complaint; in forma pauperis application, respectively). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey court orders. In the alternative, Plaintiff may file a signed complaint with the above-referenced case number on it and a copy of his current six-month prison trust fund account statement, consistent with the Court's orders. See ECF Nos. 2, 6. Plaintiff shall have thirty days to take either course of action.

## I. RELEVANT BACKGROUND

On October 3, 2024, Plaintiff was ordered to file an application to proceed in forma pauperis and a signed complaint with the case number that has been assigned to him. See ECF No. 2 at 9.

On November 18, 2024, Plaintiff's application to proceed in forma pauperis was docketed. ECF No. 5. To date, however, Plaintiff has not filed a signed complaint in this matter that has the above-referenced case number on it.

Plaintiff has not filed the six-month prison trust fund account statement that prisoners are required to file with their in forma pauperis applications, either. See 28 U.S.C. § 1915(a)(2). As a result, on November 21, 2024, Plaintiff was specifically ordered to file one with the Court and he was given thirty days to do so. See ECF No. 6.

To date, Plaintiff has not fully complied with the October 2024 order. He has not complied with the November 2024 order, either. In addition, Plaintiff has not requested extensions of time to comply with these orders.

## II. DISCUSSION

Both the Court and the public have an interest in the disposal of cases in an expedient manner. See generally Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation). Plaintiff's failure to file a signed complaint with his own case number on it, and a six-month prison trust fund account statement as required by law (see 28 U.S.C. § 1915(a)(2)) has stalled this process, and it warrants the Court issuing an order directing him to show cause why this matter should not be dismissed for failure to obey court orders. As a result, an order to show cause shall issue. Plaintiff will be given thirty days to respond to it. As an alternative to Plaintiff filing the showing of cause, within the same thirty-day period, Plaintiff may instead file the signed complaint with his own case number on it along with a copy of the certified six-month prison trust fund account statement as he has been previously ordered to do.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order Plaintiff shall SHOW CAUSE why this matter should not be dismissed for failure to obey court orders, and

2. As an ALTERNATIVE to filing the showing of cause, Plaintiff may file the signed complaint and a certified copy of his six-month prison trust fund account statement as he has been previously ordered to do. See ECF Nos. 2, 6; see also 28 U.S.C. § 1915(a)(2).

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated: __December 31, 2024__                    _____/s/ Gary S. Austin_____
                                                                    UNITED STATES MAGISTRATE JUDGE