1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   KAREEM LANIER,                          No.  1:24-cv-01178 GSA (PC)
12              Plaintiff,                    ORDER DENYING PLAINTIFF'S MOTION
                                              TO CREATE A CLASS ACTION; HIS
13       v.                                   MOTION FOR AN EXTENSION OF TIME,
                                              AND HIS MOTION FOR
14   J. DOERER,                               RECONSIDERATION
15              Defendant.                    (ECF Nos. 14, 15, 17)
16                                            PLAINTIFF'S FIRST AMENDED
                                              COMPLAINT DUE IN THIRTY DAYS
17
18
19       Plaintiff, a federal inmate proceeding pro se and in forma pauperis, has filed this civil
20   rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of
     Narcotics, 403 U.S. 388 (1971) (federal prisoner).  The matter was referred to a United States
21   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
22       Before this Court are Plaintiff's motion to create a class action; his motion for a ninety-
23   day extension of time, and his motion for reconsideration.  ECF Nos. 14, 15, 17.  For the reasons
24   stated below, all three motions will be denied.  In addition, Plaintiff will be given a final thirty
25   days to file an amended complaint.
26
27       I.    RELEVANT HISTORY
28
                                   1

On September 18, 2024, Plaintiff's complaint – filed with several other plaintiff-prisoners – was docketed. ECF No. 1. Shortly thereafter, the complaint was ordered severed and Plaintiff was ordered to file his own in forma pauperis application (or pay the filing fee in full) and to file his own amended complaint. ECF No. 2. Plaintiff was given forty-five days to do so. Id. at 9.

Plaintiff failed to timely comply with this Court's order. As a result, on January 2, 2025, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to obey the Court's orders. ECF No. 7. As an alternative to filing the showing of cause, Plaintiff was again given the option either to pay the filing fee in full or file an application to proceed in forma pauperis and submit an amended complaint. Id. at 3. This time, Plaintiff was given thirty days to fully comply with the Court's order. Id.

On February 4, 2025, after having been given an additional thirty-day extension of time to comply with the Court's orders (see ECF No. 9) (Plaintiff's extension of time request docketed 1/7/25), Plaintiff's application to proceed in forma pauperis was granted. See ECF No. 13. To date, however, Plaintiff still has not filed an amended complaint, despite having been ordered to do so over five months ago. Instead, Plaintiff has filed the motions identified below.

II.    PLAINTIFF'S MOTIONS

A. Motion for a Class Action

Plaintiff asks that the Court allow him to proceed in this case via class action pursuant to Federal Rule of Civil Procedure 23 because there are twenty-seven prisoners who experienced the same deprivations of right at the same time, and the class potentially extends to one thousand inmates.[1] ECF No. 14. The Court, Plaintiff argues, can "provide the oversight necessary" in the case should a class action be created. Id.

This motion must be denied. First, the question of whether this matter should proceed as a class action has already been decided. When this case was initially filed, Plaintiff and other inmates attempted to bring this matter as a class action. See generally ECF No. 1 at 1 (listing multiple plaintiffs and asking to be granted class action status). However, the original Magistrate

---

[1] In the motion, Plaintiff also clearly states that he has not exhausted his administrative remedies because they "were deliberately made unavailable to [him]." ECF No. 14 (brackets added).

1    Judge to whom the case was assigned chose to sever the matter into separate cases, one for each

2    individual.  See ECF No. 2 at 8 (order denying class action request).

3          Second, a litigant who is representing himself has no authority to represent anyone other

4    than himself.  Russell v. United States, 308 F.2d 79, 79 (9th Cir. 1962).  A class action may not

5    be certified where the representative parties are without counsel and especially where the plaintiff

6    is incarcerated.  See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer

7    had no authority to appear as an attorney for other persons in a purported class action).  Plaintiff's

8    belief that prisoners can proceed in a class action without legal representation, and then the Court

9    would then provide oversight in such a situation, is misguided and incorrect.  For these reasons,

10   the motion will be denied.

11                    B.  Motion for Ninety-Day Extension of Time

12         In Plaintiff's extension of time requests, he asks that the Court preemptively provide him

13   with a ninety-day extension of time for any and all future filings he may have to do.  See

14   generally ECF No. 15.  He argues that this length of an extension is needed because the mailroom

15   at the penitentiary is "backed up."  Id.

16         This motion will be denied as well.  First, to date, there has been no indication that the

17   mail has been backed up.  On the contrary, the dates on the three motions at issue in this order

18   indicate that the periods of time between when Plaintiff signs documents and they are then

19   docketed in this case are unremarkable.  For example, the instant motion was signed by Plaintiff

20   on January 24, 2025, and it was then docketed in this Court on February 11, 2025 –

21   approximately a two-and-a-half-week period.  This length of time between mailing and receipt

22   does not warrant the Court ordering that Plaintiff be regularly given ninety days to respond to its

23   orders.  For these reasons, this motion will be denied as well.

24                        C.  Motion for Reconsideration

25         The motion for reconsideration that Plaintiff has filed is also preemptive in nature.  After

26   referencing the delay in mail at the penitentiary, Plaintiff writes, "[I] request that the Court

27   reconsider any court orders or rulings in this case until such a time that it receives the plaintiffs

28   [sic] responses.  This request is not limited to but specifically includes the plaintiffs [sic] response

                                             3

to the Courts [sic] inquiry into the failure to exhaust administrative remedies." ECF No. 17
(brackets added) (errors in original).

In response, Plaintiff is informed that the Court does not give preemptive extensions of
time for Plaintiff to respond to court orders or to "reconsider any court orders or ruling... until
such a time that it receives the Plaintiffs responses". Thus,  Plaintiff's  Motion for
Reconsideration is denied.

III.    GENERAL DISCUSSION

Since the Court ordered Plaintiff to file his own amended complaint – roughly five months
ago – Plaintiff has failed to do so.  This is despite having been ordered to do so more than once
(see ECF Nos. 2, 7).  Given these facts, this case is at the stage where it should be recommended
that it be dismissed.  However, out an abundance of caution, Plaintiff will be given a final
opportunity to file an amended complaint.  Because Plaintiff has already had about five months to
comply with the Court's order, absent exigent circumstances, any requests for extensions of time
to file the amended complaint will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court shall send Plaintiff a copy of the Court's Civil Rights Complaint
by a Prisoner form;

2.  Plaintiff's motion to create a class action (ECF No. 14) is DENIED;

3.  Plaintiff's motion for a ninety-day extension of time (ECF No. 15) is DENIED;

4.  Plaintiff's motion for reconsideration (ECF No. 17) is DENIED, and

5.  Within thirty days from the date of this order, Plaintiff shall file a first amended
complaint.

**Plaintiff is cautioned that failure to file the amended complaint within the time
allotted will likely result in a recommendation that this matter be** dismissed.

IT IS SO ORDERED.

Dated:   __**March 9, 2025**__            _____**/s/ Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE