UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM LANIER, | No. 1:24-cv-01178 GSA (PC) |
| Plaintiff, | ORDER ACKNOWLEDGING PLAINTIFF'S "MOTION TO SHOW CAUSE" CONCERNING FAILURE TO EXHAUST |
| v. | |
| J. DOERER, et al., | (ECF No. 19) |
| Defendants. | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| | PLAINTIFF'S SHOWING OF CAUSE DUE IN FOURTEEN DAYS |

    Plaintiff, a federal inmate proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (federal prisoner). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before this Court are Plaintiff's first amended complaint (ECF No. 20) along with his unsolicited "motion to show cause" concerning his failure to exhaust (ECF No. 19). For the reasons stated below, the Court will acknowledge Plaintiff's filing related to his failure to exhaust--however, despite having filed it, Plaintiff will formally be ordered to show cause why

1

1  this matter should not be summarily dismissed for failure to exhaust administrative remedies.
2  Plaintiff will be given fourteen days to file the showing of cause.

3      I.    PLAINTIFF'S FIRST AMENDED COMPLAINT
4          A.  Facts Alleged

5  Plaintiff, an inmate at United States Penitentiary – Atwater ("USP-Atwater") names
6  twenty-two individuals – all of whom were employed at USP-Atwater at the time of the incidents
7  in question – as Defendants in this action. See ECF No. 20 at 1-2. He contends that his First,
8  Fifth and Eighth Amendment rights were violated when, between August 9, 2024, and October 9,
9  2024, he was "cut off from the world" when Defendants locked down the penitentiary and failed
10 to make administrative remedy forms available to him. See generally ECF No. 20 at 4-10.

11 Plaintiff claims that during that period, Defendants violated his rights in a number of
12 ways, including, but not limited to: denying him access to news, preventing him from
13 communicating with loved ones, preventing him from communicating with his attorney, delaying
14 the sending out of mail, denying him phone and e-mail access, preventing him from charging
15 electronic devices, and denying him access to the commissary and the like. Id. at 5. He also
16 states that he was deprived of medical treatment and prescribed medication. Id. at 6. Plaintiff
17 further states that when he told medical staff both verbally and in writing about his serious
18 medical needs, he was told that all that could be done was scheduling him for a doctor's
19 appointment, a doctor, Plaintiff contends, did not exist. Id.

20 Plaintiff contends that during that period, Defendants deprived him of all property of his
21 that did not fit in the bag that they had given him. ECF No. 20 at 8. Plaintiff further alleges that
22 his legal materials were confiscated. Id. These actions, Plaintiff argues, were arbitrary, punitive,
23 and served no legitimate purpose. Id.

24 Finally, Plaintiff asserts that during that two-month period, Defendants did not provide
25 sanitizing and cleaning materials. ECF No. 20 at 10. In addition, any cleaning materials that had
26 been in his possession were confiscated. Id.

27
28         B.  Harm Caused and Remedy Sought

2

1    Plaintiff claims that as a result of these violations, he suffered physical pain, mental
2 anguish, emotional distress, and financial loss. ECF No. 20 at 4-6. He also states that during that
3 period, because he was unable to get medical treatment, he had stomach pain and blood in his
4 urine, headaches that continued to worsen, and extreme pain from a cracked tooth and abyss. Id.
5 at 7. He seeks, in relevant part, damages to be determined by the Court as well as injunctive
6 relief. See id. at 12.

     C.   Failure to Exhaust

8    A review of Plaintiff's FAC indicates that prior to filing the initial pleading in this Court,
9 he did not exhaust his administrative remedies. See ECF No. 20 at 4-10. In response to the
10 question on the complaint form which asks why he did not exhaust, he simply writes that he was
11 denied access to the remedies, reiterating that he was "cut off from the world." Id. at 4. He
12 further asserts that those remedies were "deliberately withheld" and were "unavailable" to him
13 (Id.), and argues that even "temporary unavailability" of administrative remedies is enough to
14 excuse compliance with the exhaustion requirement. See, ECF No. 19 at 5. Importantly, after the
15 Court ordered severance of the initial complaint which was filed as a class action lawsuit (ECF
16 No. 2), Plaintiff filed his own separate complaint. See, ECF No. 4. Plaintiff's separate complaint
17 was docketed on Nov. 18, 2024, and signed by Plaintiff on Nov. 13, 2024, and his FAC was filed
18 on April 2, 2025 and signed by Plaintiff on March 20, 2025.See, ECF No. 20.

19   II   APPLICABLE LAW:  THE EXHAUSTION REQUIREMENT
20        A. The Prison Litigation Reform Act

21   Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims
22 are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA
23 requires prisoners to exhaust available administrative remedies before bringing an action
24 challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates
25 that inmates exhaust all available administrative remedies before filing 'any suit challenging
26 prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747
27 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).
28   "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S.

199, 216 (2007). As a result, it is usually a defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

At the same time, however, "a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading." Jones, 549 U.S. at 215. Exhaustion is not a jurisdictional requirement for bringing an action. See Woodford, 548 U.S. at 101.

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

4

B. <u>Federal Regulations Governing Exhaustion of Administrative Remedies</u>

Like state prisoners, federal inmates who are suing under <u>Bivens</u> must first exhaust inmate grievance procedures before bringing suit in federal court. <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The Federal Bureau of Prisons has established an administrative remedy process through which an inmate can seek formal review of an issue related to any aspect of his confinement. <u>See</u> 28 C.F.R. § 542.10(a); <u>see generally</u> <u>Wright v. Smith</u>, No. 1:10-cv-00011 AWI, 2013 WL 3787528, at *3 (E.D. Cal. July 18, 2013), <u>report and recommendation adopted as modified</u>, No. 1:10-CV-00011-AWI, 2013 WL 5406870 (E.D. Cal. Sept. 25, 2013). Generally, to exhaust available administrative remedies within this system, an inmate must proceed through four levels: (1) seek informal resolution on a BP-8 form, <u>see</u> 28 C.F.R. § 542.13; <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1219 (9th Cir. 2010); (2) make a formal administrative remedy request to the Warden on a BP-9 form, <u>see</u> 28 C.F.R. § 542.14; (3) if not satisfied with the Warden's decision, appeal to the Regional Director on a BP-10 form, <u>see</u> 28 C.F.R. § 542.15; and (4) if not satisfied with the Regional Director's response, appeal to the General Counsel on a BP-11 form. <u>See</u> <u>id.</u> A final decision from the Office of General Counsel exhausts the BOP's administrative remedy process. <u>Id.</u>

III.   DISCUSSION

As stated above, federal law requires that prisoner litigants exhaust all administrative remedies prior to filing their complaints in federal court. <u>See</u> 42 U.S.C. § 1997e(a); <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies . . . before that complaint is tendered to the district court."). There are few exceptions to this rule. <u>See</u> <u>Ross</u>, 578 U.S. at 643-44 (exceptions to exhaustion requirement).

The filing of a grievance serves to give a prison notice of the problem that a prisoner would like to have resolved. <u>See generally</u> <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 824 (9th Cir. 2010); <u>Parthemore v. Col</u>, 221 Cal. App. 4th 1372, 1380 (2013). Additionally, the purpose of the exhaustion requirement is to give corrections officials both the time and the opportunity to address complaints internally before a federal case is started. <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25 (2002); <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting <u>Nussle</u>).

1       A. <u>First Amended Complaint Does Not Provide Sufficient Excuse Under Ross</u>

2       In each of the five claims that Plaintiff raises, in response to the question of whether he has exhausted his administrative remedies, Plaintiff states that he has not. <u>See</u> ECF No. 1 at 3-5. He then asserts that the administrative remedy of exhaustion was not available to him between August 9, 2024, and October 9, 2024, because, among other reasons, when he asked for grievance forms during that period, they were not given to him. <u>See, e.g.</u>, ECF No. 20 at 4.

Importantly though, nowhere in the FAC does Plaintiff explain why, <u>after</u> he was no longer on lockdown after October 9, 2024, he did not then go through USP-Atwater's administrative grievance process *prior* to filing his own separate complaint on November 18, 2024 (ECF No.4), or even before filing his FAC on April 2, 2025 (ECF No.20). Interesting as well, Plaintiff does not explain how the initial class action complaint in this matter managed to be filed on September 18, 2024, and signed by inmate Benanti on September 9, 2024, <u>while the prison was allegedly on lockdown</u>. <u>See</u> ECF No. 1 at 4 (signature date of original complaint).[1]

Specifically, in regard to Plaintiff, after the matter was ordered severed by the Court on October 3, 1024, Plaintiff <u>still</u> chose not to initiate the administrative exhaustion process after the lockdown had ended on October 10, 2024-- which allegedly began two months prior on August 9, 2024--and <u>before</u> he filed his own separate complaint on November 18, 2024 (ECF No. 4), nor before he filed his FAC on April 2, 2025 (ECF No. 20). <u>See,</u> e.g., Talley v. Clark, 111 F.4th 255, 264 (3d Cir. 2024) ("It is true that administrative remedies were temporarily 'unavailable' while Talley was on suicide watch without access to writing materials, but that does not excuse his failure to request an extension once he was released and able to complete the necessary forms."); Smith v. Hendrick, No. 1:21-cv-1704, 2024 WL 4244831, at *7(M.D. Pa. Sept. 29, 2024) ("Smith was purportedly denied access to grievance forms during the approximately three-month period that he was housed in the RHU, but he did not request an extension of time to file a grievance

---

[1] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. <u>See</u> <u>Roberts v. Marshall</u>, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>see also</u> <u>Escobedo v. Applebees</u>, 787 F.3d 1226, 1228 (9th Cir. 2015) (stating filing date of complaint is date it is delivered to clerk).

1 once he was removed from the RHU. Smith's failure to request an extension of time once the
2 impediment to filing a grievance was removed constitutes a failure to exhaust administrative
3 remedies.") (citing Talley, 111 F.4th at 264); Roman v. Knowles, No. 07cv1343-JLS (POR),
4 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not plead facts sufficient to
5 establish an intentional and systematic obstruction to administrative remedies that, on its own,
6 would render those remedies unavailable, and excuse his inability to exhaust them. Plaintiff's
7 pleadings themselves contain facts sufficient to establish that these remedies were only
8 temporarily unavailable and thus exhaustion should not be excused."); Dean v. Prison Health
9 Servs., No. 10-14135, 2011 WL 1630114, at *8 (E.D. Mich. Mar. 28, 2011) ("The mere fact that
10 forms were temporarily unavailable to Plaintiff is insufficient to establish exhaustion") (citing
11 cases).

       B.      "Motion to Show Cause" Does Not Provide Sufficient Excuse Under Ross

13         The Court acknowledges Plaintiff's "motion to show cause" document that he filed with
14 his FAC. ECF No. 19.  In so doing, the Court notes that nowhere in it does Plaintiff state that
15 after he was taken off lockdown he continued to be deprived of the grievance process at USP-
16 Atwater.  See generally ECF No. 19.  Admittedly, Plaintiff was released from lockdown by
17 October 10, 2024, and following release from lockdown Plaintiff would have had an opportunity
18 to file a grievance at USP-Atwater and pursue it prior to filing his first separate complaint on
19 November 18, 2024, or at least by the time he filed his FAC on April 2. 2025.
20         Finally, to the extent that Plaintiff cites to Jones v. Bock, 549 U.S. 199 (2007) for the
21 proposition that he is not required to specifically show that he has exhausted his administrative
22 remedies (see ECF No. 19 at 3), the Court finds this argument is not on point because that is not
23 what is happening here.  The Court is not requesting that Plaintiff prove that he has exhausted his
24 administrative remedies – Plaintiff has clearly stated in his FAC that he has not.  Rather, what the
25 Court is requesting Plaintiff to do is to provide a sufficient, excusable reason – consistent with
26 Ross – explaining why this matter should not be dismissed given his apparent failure to do so as
27 explained above.
28         For these reasons, the Court makes a tentative finding that Plaintiff has failed to exhaust

his administrative remedies, and that his prior filings with the Court to date do not provide a valid excuse for not having done so.  As a result, this matter should be summarily dismissed.  However, prior to recommending the dismissal of this action, Plaintiff will be ordered to show cause why it should not be dismissed for failure to exhaust administrative remedies.  In the showing of cause, Plaintiff must inform the Court exactly why he believes he is excused from the exhaustion requirement.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court herein ACKNOWLEDGES the filing of Plaintiff's "motion to show cause" docketed April 2, 2025 (ECF No. 19), and

2. Within **fourteen days** from the date of this order, Plaintiff shall SHOW CAUSE why this matter should not be SUMMARILY DISMISSED for failure to exhaust administrative remedies.

**Plaintiff is cautioned that failure to timely respond to this order within the time allotted may result in a recommendation that this matter be dismissed.**

**Plaintiff is further cautioned that absent exigent circumstances, no requests for extensions of time to respond to this order will be granted.**

IT IS SO ORDERED.

Dated:   **April 11, 2025**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE