1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KAREEM LANIER,                                No.  1:24-cv-01178 GSA (PC)

12              Plaintiff,                           ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
13        v.
                                                     ORDER RECOMMENDING THAT THIS
14    J. DOERER, et al.,                             MATTER BE SUMMARILY DISMISSED
                                                     FOR FAILURE TO EXHAUST
15              Defendants.                          ADMINISTRATIVE REMEDIES PRIOR TO
                                                     FILING COMPLAINT IN THIS COURT
16
                                                     See 42 U.S.C. § 1997e(a)
17
                                                     PLAINTIFF'S OBJECTIONS TO FINDINGS
18                                                   AND RECOMMENDATIONS DUE IN
                                                     FOURTEEN DAYS
19

20
             Plaintiff, a federal inmate proceeding pro se and in forma pauperis, has filed this civil
21
    rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of
22
    Narcotics, 403 U.S. 388 (1971) (federal prisoner).  The matter was referred to a United States
23
    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
24
             For the reasons stated below, the undersigned will recommend that this matter be
25
    summarily dismissed for failure to exhaust administrative remedies prior to filing suit in this
26
    Court.  Plaintiff will be given fourteen days to file objections to this order.
27

28

1

I.    RELEVANT FACTS

A.  Order Severing Plaintiff's Case

On September 18, 2024, Plaintiff's complaint was docketed.  ECF No. 1.  The pleading, signed by Plaintiff Michael Benanti and labeled "Class Action Lawsuit Complaint", was originally assigned to United States Magistrate Judge Christopher D. Baker and it listed several other inmates, including Plaintiff, as plaintiffs.  Id. at 1.

On October 3, 2024, the matter was ordered severed by United States Magistrate Judge Baker. In the order it directed the Clerk of the Court to open a separate civil action for Plaintiff and directed the Clerk to send Plaintiff an application to proceed IFP.  In addition, Plaintiff was directed to file a signed complaint within 45 days of the service of the order and either pay the filing fee or complete and submit an application to proceed IFP.   See ECF No. 2.  Based on that order, Plaintiff's matter was referred to the undersigned.

On November 18, 2024, Plaintiff filed his separate complaint along with an application to proceed in forma pauperis. ECF Nos. 4 & 5.  Finally, on February 3, 2025, Plaintiff filed his six month inmate trust fund account, and on February 4, 2025, Plaintiff 's motion to proceed IFP was granted. ECF Nos. 12 &13.   Thereafter, on April 2, 2025, Plaintiff filed a 1AC.  ECF No. 20.

B.   Order Directing Plaintiff to Show Cause

A review of Plaintiff's FAC indicated that Plaintiff had not exhausted his administrative remedies prior to filing his  complaint with this Court.  See ECF No. 20 at at 4-6, 8, 10 (Plaintiff stating he did not exhaust his claims).  Additionally, neither it, nor Plaintiff's unsolicited "motion to show cause" has provided sufficient reason under Ross v. Blake, 578 U.S. 632 (2016) to excuse his failure to exhaust.  See generally ECF Nos. 19, 20 ("motion to show cause" and FAC, respectively).  As a result, on April 14, 2025, after acknowledging Plaintiff's unsolicited "motion to show cause," the Court formally ordered Plaintiff to show cause why this matter should not be summarily dismissed for failure to exhaust administrative remedies.  ECF No. 21.  Plaintiff was given fourteen days to file the showing of cause.  Id. at 8.  At that time, he was cautioned that failure to timely respond to the Court's order within the time allotted might result in a recommendation that this matter be dismissed.  Id.

2

1    To date, Plaintiff has not responded to the Court's order to show cause, nor has he filed a

2    request for an extension of time to do so.  Plaintiff has not responded to the Court's order in any

3    way.

4    II.    DISCUSSION

5    The PLRA requires that a prisoner exhaust administrative remedies before submitting any

6    papers to the federal courts.  Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006).  Plaintiff

7    clearly states in his complaint that he has not done this.  See ECF No. 20 at 4-6, 8, 10.  In

8    addition, Plaintiff's reasons for not having done so – i.e., that between August 9, 2024, and

9    October 9, 2024, he "was cut off from the world" and that "remedies were deliberately withheld"

10   from him during that period (see ECF No. 20 at 4) are not ones that fall within any of the Ross

11   exceptions.  See id.

12   The undersigned notes again that the original "class action" complaint was docketed on

13   September 18, 2024.  See ECF No. 1 at 1 (date stamp of complaint).  Oddly enough, this date was

14   during the period that Plaintiff alleges he was "cut off from the world" in his FAC, i.e., between

15   August 9, 2024, and October 9, 2024.  See ECF No. 20 at 4.  Thus, the original "class action

16   complaint" which was filed on behalf of Plaintiff's and other inmates', was filed before the two-

17   month period that Plaintiff claims he was improperly confined to his cell for twenty-four hours a

18   day in violation of his constitutional rights had ended.

19   More directly related to Plaintiff himself, on March 20, 2025, the date that Plaintiff signed

20   his FAC (see ECF No. 20 at 12) (3/20/25 signature date) – which was long after Plaintiff's

21   lockdown had ended on October 9, 2024, – Plaintiff indicates that he still had not exhausted his

22   administrative remedies.  See ECF No. 20 at 4, 5, 6 & 8.

23   Given these facts, as well as the fact that Plaintiff has not responded to the Court's order

24   to show cause, Plaintiff's complaint is improperly before this Court.  See 42 U.S.C. § 1997e(a)

25   (stating no action can be brought by a prisoner under Section 1983 with respect to prison

26   conditions until available administrative remedies have been exhausted).  For these reasons, the

27   undersigned shall recommend that this matter be summarily dismissed for failure to exhaust

28   administrative remedies.

3

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be SUMMARILY DISMISSED failure to exhaust administrative remedies prior to filing suit in this Court.  See 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that a party wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 10, 2025**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE