UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM LANIER,<br><br>        Plaintiff,<br><br>    v.<br><br>J. DOERER, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-01178 JLT GSA<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 23) |

Kareem Lanier seeks to hold the Government and several employees of the Bureau of Prisons—including, but not limited to, the Warden of USP Atwater, associate wardens, medical staff, mail room staff—liable for violations of his civil rights based upon the conditions of lockdown that occurred at United States Penitentiary- Atwater from August 9 to October 9, 2024.[1] (*See generally* Doc. 20.) The magistrate judge ordered Plaintiff to show cause why the matter should not be dismissed for failure to exhaust administrative remedies (Doc. 21), and Plaintiff failed to respond to the order.

The magistrate judge found it was undisputed that Plaintiff did not exhaust his administrative remedies prior to filing his complaint. (Doc. 23 at 2.) The magistrate judge also observed that despite Plaintiff's report that he was "cut off from the world" during the lockdown, Plaintiff's separate

---

[1] On October 3, 2024, the Court severed Plaintiff's claims from *Benanti v. Doerer*, Case No. 1:24-cv-01108-CDB and directed Plaintiff to: (1) file a signed complaint bearing his own case number; and (2) submit a completed application to proceed in forma pauperis or pay the $405.00 filing fee to proceed with this action. (*See* Doc. 2 at 6-9.)

1

complaint and amended complaint were filed *after* the lockdown, and after the date Plaintiff claimed he was "improperly confined to his cell for twenty-four hours a day." (*Id.* at 3.) Consequently, the magistrate judge determined Plaintiff failed to show that he was unable to exhaust his administrative remedies due to the lockdown. (*See id.*) The magistrate judge recommended the Court "summarily dismiss[]" the action. (*Id.* at 4, emphasis omitted.)

Plaintiff filed objections to the Findings and Recommendations. (Doc. 24.) Plaintiff contends the Court should not find that he failed to respond to the order to show cause because *prior* to the order issuing, he filed a "motion to show cause." (*Id.* at 1-2.) Plaintiff asserts in his objections, he "incorporates entire unsolicited motion" and arguments raised. (*Id.* at 2.) Plaintiff suggests he was not required to exhaust administrative remedies after the lockdown ended because a prisoner "need not exhaust unavailable ones." (*Id.*) He asserts the Warden and Atwater staff "denied the plaintiff access to administrative remedy forms" during the lockdown from August 9 to October 9, 2024. (*Id.* at 3.) Plaintiff also asserts "after Oct. 9, 2024 when the plaintiff was let off lockdown there was no remedy available." (*Id.* at 4.) Thus, Plaintiff requests he be permitted to proceed with the action. (*Id.*)

Significantly, Plaintiff does not explain how the administrative process was unavailable *after* the lockdown, which is when Plaintiff filed both his own complaint and the amended complaint. Plaintiff's objections do not undermine the findings of the magistrate judge that he failed to exhaust available administrative remedies filing to filing his complaint—or the amended complaint—in this action. *See, e.g., Talley v. Clark*, 111 F.4th 255, 264 (3d Cir. 2024) ("It is true that administrative remedies were temporarily 'unavailable' while Talley was … without access to writing materials, but that does not excuse his failure to request an extension once he was … able to complete the necessary forms"); *see also Roman v. Knowles,* 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not plead facts sufficient to establish an intentional and systematic obstruction to administrative remedies that, on its own, would render those remedies unavailable, and excuse his inability to exhaust them. Plaintiff's pleadings themselves contain facts sufficient to establish that these remedies were only temporarily unavailable and thus exhaustion should not be excused.") Consequently, Plaintiff failed to comply with the exhaustion requirements of the Prison Litigation Reform Act, and the matter should be dismissed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

    1.    The Findings and Recommendations dated June 11, 2025 (Doc. 23) are **ADOPTED**.

    2.    The action is **DISMISSED** without prejudice, for failure to exhaust administrative remedies.

    3.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 31, 2025**

UNITED STATES DISTRICT JUDGE

3